UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAREN JACKSON and E.F. (Minor),<br><br>    *Plaintiffs*,<br><br>vs.<br><br>CITY OF NEW HAVEN, CITY OF NEW HAVEN POLICE DEPARTMENT, CITY OF WATERBURY, CITY OF WATERBURY POLICE DEPARTMENT, STATE OF CONNECTICUT STATE POLICE, STATE OF CONNECTICUT, and 50 UNKNOWN OFFICERS,<br><br>    *Defendants*. | No. 3:24-cv-00237-MPS |

**RULING ON MOTIONS TO DISMISS**

Plaintiff Karen Jackson[1] brings a claim of unlawful search and seizure under 42 U.S.C. 1983 against the City of New Haven, City of New Haven Police Department, City of Waterbury, City of Waterbury Police Department, Connecticut State Police, the State of Connecticut, and "50 Unknown Officers."  The City of New Haven and City of New Haven Police Department (collectively, the "New Haven Defendants") and the State of Connecticut and Connecticut State Police (collectively, the "State Defendants") move to dismiss the claims against them in their entirety under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.   For the reasons explained below, I grant both the New Haven and State Defendants' motions to dismiss.

---

[1] The complaint caption lists "E.F. (minor)" as another plaintiff.  ECF No. 1 at 1.  The complaint contains no other information regarding E.F., however, and the allegations appear to relate only to Plaintiff Jackson.  *See generally* ECF No. 1.  Because there are no allegations showing E.F. was harmed, I will dismiss any claims brought by "E.F." and address Plaintiff Jackson alone in this ruling.

1

I. **BACKGROUND**

 A. <u>**Factual Background**</u>

  The following facts are drawn from Plaintiff's complaint.[2] ECF No. 1. These facts are accepted as true for the purpose of this motion.

  Plaintiff resided at 19 Ludlow Street, Second Floor, Waterbury, Connecticut. ECF No. 1 at 3, 6. She was the sole tenant of the apartment. *Id.* at 3. The apartment is in a multi-family building, which contains common areas accessible to both her and other residents of the building. *Id.* at 7.

  At some point between 2:00 pm on January 30, 2024 and 2:00 am on January 31, 2024, one or more of the defendants entered and searched Plaintiff's apartment.[3] ECF No. 1 at 3, 6-7. The defendants "forcibly opened" the rear door to the apartment building, then "physically intruded into [her] apartment." *Id.* at 7. Plaintiff did not consent to this search, but an unnamed third party—who was not a tenant of the apartment—did. *Id.* at 3. Though the officers had a search warrant, it was for a "guest"; it did not list Plaintiff. *Id.* at 6-7. While this search was

---

[2] "In considering a motion to dismiss…a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Newman Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir. 1996).

[3] It is unclear who exactly entered and searched Plaintiff's apartment. She does not specify who engaged in the alleged misconduct, *see* ECF No. 1 at 3 (alleging twice that "petitioner was illegally trespassed," without identifying who was responsible for trespassing); refers generally to "Defendants," *see id.* at 7 ("Defendants forcibly opened the rear door of a multifamily dwelling…."; "Defendants physically intruded into plaintiffs apartment….."); and makes inconsistent statements regarding who exactly engaged in particular acts, *compare id.* at 6 ("Defendants working congruent in a major task force illegally searched [her] home without consent whilst gaining access through a third party without legal claim to consent.") *with id.* at 3 ("[A] 3rd party engaged by defendants entered said property without consent…."). The only individual she identifies with any particularity is the "major crimes supervisor on [the] scene," who she alleges "threatened to arrest [her] if [she] walked on the front porch to gain entrance into [the apartment]." *Id.* at 3.

being conducted, a "major crimes supervisor on [the] scene…threatened to arrest [Plaintiff] if [she] walked on the front porch to gain entr[y] into" her apartment. *Id.* at 3. Plaintiff was ultimately not arrested, however. *Id.* at 7.

None of the items that were seized from Plaintiff's apartment have been returned to her,[4] and "[n]o warrant return nor inventory has been filed with the Clerk of Waterbury." *Id.*

### B. Procedural Background

Plaintiff filed this action *pro se* on February 21, 2024. *See* ECF No. 1. I granted her motion to proceed in forma pauperis, ECF No. 10, but denied her motion to appoint counsel because I had not yet had an opportunity to determine whether her claims had "some likelihood of merit," as the Second Circuit requires for appointment of counsel in civil cases, ECF No. 15 (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989)).

Plaintiff did not serve Defendants within 90 days of the filing of her complaint, as is required by Rule 4(m) of the Federal Rules of Civil Procedure. ECF No. 16. I issued an order to show cause regarding her failure to prosecute on June 3, *id.*, and Plaintiff filed proofs of service as to the New Haven and State Defendants on June 4 and June 20, respectively, ECF Nos. 17-18, 22-23. She served the "50 Unknown Officers" on June 20 as well. ECF No. 19.

The New Haven and State Defendants filed the present motions to dismiss on July 2 and July 8, respectively. ECF Nos. 26- 27. I issued an order directing Plaintiff to "either file a response to the motion[s to dismiss] or file an amended complaint in which she pleads as many

---

[4] Plaintiff does not specify what items were seized from her home. *See generally* ECF No. 1. Though she contends that she was "[d]enied access to medical assisted equipment" and "medication," she does not allege that these items were seized by Defendants or otherwise explain how these denials occurred. *Id.* at 6.

facts as possible, consistent with Rule 11, to address the alleged defects discussed in Defendants' memorand[a] of law" by July 29.  ECF No. 28.  Plaintiff did not file a response or an amended complaint, nor did she otherwise respond to this order.

Defendants subsequently moved to stay the parties' Rule 26(f) obligations "until after the Court rules on their pending motions to dismiss."  ECF No. 31 at 3.  I granted this motion on August 13.  ECF No. 32.

Plaintiff served the City of Waterbury and the City of Waterbury Police Department (collectively, the "Waterbury Defendants") on September 4—far beyond the 90-day service window provided for by Rule 4(m).  ECF Nos. 33-34.  The Waterbury Defendants and "50 Unknown Officers" have not responded to Plaintiff's complaint, but the New Haven and State Defendants' motions to dismiss are now ripe for adjudication.

## II.    LEGAL STANDARD

### A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000).  In deciding a motion to dismiss under Rule 12(b)(1), I "must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.,* 752 F.3d 239, 243 (2d Cir. 2014).[5]  If subject matter jurisdiction is

---

[5] As I have noted in previous rulings, the Second Circuit has not always been clear about whether inferences should be drawn in the pleader's favor on a Rule 12(b)(1) motion. *See, e.g., Parmlee v. Office of Attorney General*, 2022 WL 1462247, at *2 n.2 (D. Conn. May 9, 2022) (citing Court of Appeals decisions instructing that a court should

lacking, however, I must dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### B. Rule 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), I must determine whether the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  I must accept as true all of the complaint's factual allegations, *id.*, and must "draw all reasonable inferences in favor of the non-moving party," *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008).  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss, however.  *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (citation omitted).

Although a *pro se* complaint must be liberally construed "to raise the strongest arguments it suggests," *pro se* litigants are nonetheless required to "state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (internal quotation marks, citations, and alterations omitted).

---

draw inferences favorable to the pleader and Court of Appeals decisions instructing that it should not do so). In this ruling, I take as true the allegations in the plaintiff's complaint and draw all reasonable inferences in his favor.

### III. DISCUSSION

Plaintiff alleges that Defendants violated her right under the Fourth Amendment to be free from unlawful searches and seizures. ECF No. 1 at 2. She brings her claims under 42 U.S.C. § 1983. *Id.* The State Defendants move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). ECF No. 26. The New Haven Defendants likewise move to dismiss for failure to state a claim under Rule 12(b)(6). ECF No. 27. For the reasons explained below, I conclude that dismissal is warranted under both Rule 12(b)(1) and Rule 12(b)(6).

#### A. Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

The State Defendants contend that the Court lacks subject matter jurisdiction over Plaintiff's claims against them because they are barred by the Eleventh Amendment. ECF No. 26-1 at 4-5. I agree. As Defendants explain, whether an action is barred by the Eleventh Amendment "goes to the jurisdiction of the federal court." *Nat'l Ass'n for Advancement of Colored People v. Merrill*, 939 F.3d 470, 475 (2d Cir. 2019) (internal quotation marks omitted). And, "[w]ithout a State's express waiver or an act by Congress under Section 5 of the Fourteenth Amendment, the Eleventh Amendment bars federal courts from adjudicating claims against a State, as well as its agencies and agents." *74 Pinehurst LLC v. New York*, 59 F.4th 557, 570 (2d Cir. 2023). This is true "regardless of the nature of the relief sought. The only exception exists for claims for prospective relief against state officials in their official capacities." *Id.* (internal quotation marks and citation omitted).

Here, Plaintiff has sued the State of Connecticut and the Connecticut State Police, which is a state agency. *See Gilliam v. Black*, No. 3:18-cv-1740, 2019 WL 3716545, at *5 (D. Conn. Aug. 7, 2019). Neither Congress nor Connecticut has waived the state's sovereign immunity,

6

nor does the limited exception for claims against state officials apply. The Eleventh Amendment thus plainly bars me from exercising jurisdiction over Plaintiff's claims against the State Defendants.

### B. Failure to State a Claim Under Rule 12(b)(6)

Defendants also argue that Plaintiff has failed to state a claim under § 1983. ECF No. 26; ECF No. 27. They explain that the State Defendants and City of New Haven Police Department are not "persons" that can be sued under § 1983. ECF No. 26-1 at 5-6; ECF No. 27-1 at 5-6. They further contend that Plaintiff has not alleged that an "action pursuant to official municipal policy caused their injury," as is required to state a claim against the City of New Haven under the *Monell* doctrine. ECF No. 27-1 at 4-5 (internal quotation marks omitted).

#### 1. "Persons" Capable of Being Sued

Section 1983 provides that "[e]very person who…subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Though municipalities are "person[s]" within the meaning of § 1983, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978), states and state agencies are not. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Mayo v. Doe*, 480 F. Supp. 3d 395, 401-02 (D. Conn. 2020) ("As state agencies or subdivisions thereof, the Statewide Narcotics Task Force Southeastern and Troop D are not persons within the meaning of section 1983.").

Further, under Connecticut law, municipal police departments are not distinct lawful entities capable of being sued—whether under § 1983 or another cause of action. *See Rose v.*

7

*City of Waterbury*, No. 3:12-CV-291, 2013 WL 1187049, at *9 (D. Conn. Mar. 21, 2013) ("Courts in Connecticut have held that the Connecticut General Statutes contain no provision establishing municipal departments, including police departments, as legal entities separate and apart from the municipality they serve, or providing that they have the capacity to sue or be sued." (internal quotation marks omitted)); *Weitz v. Greenwich Police Dep't*, No. CV040200464S, 2005 WL 375302, at *2 (Conn. Super. Ct. Jan. 10, 2005) (granting the defendant police department's motion to dismiss because it "is not a legal entity with the legal capacity to be sued" under Connecticut law). Thus, Defendants are correct that Plaintiff has failed to state a claim against the City of New Haven Police Department, State of Connecticut, and Connecticut State Police.

### 2. *Monell* Liability

Though municipalities can be sued under § 1983, a municipality cannot be held liable for "an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. A municipality is liable only "when execution of [the local] government's policy or custom…inflicts the injury." *Id.* Thus, "[p]laintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal quotation marks omitted). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61.

As Defendants note, "Plaintiff has made no allegations against the Defendant City of New Haven, except by including it when she alleges certain actions by use of the plural 'Defendants.'" ECF No. 27-1 at 4. And none of the allegations against the plural "Defendants" implicates municipal policy or custom. *See* ECF No. 1 at 7 ("Defendants forcibly opened the

8

rear door of a multifamily dwelling…."; "Defendants physically intruded into plaintiffs apartment….."); *id.* at 6 ("Defendants working congruent in a major task force illegally searched [her] home without consent whilst gaining access through a third party without legal claim to consent."). The only allegation that could relate to the City of New Haven is Plaintiff's contention that "a 3rd party engaged by defendants entered said property without consent…." *Id.* at 3. But Plaintiff does not offer any further explanation regarding this third party, including regarding which defendant "engaged" him or directed him to enter her property. Nor does she allege that this allegation or any of the other alleged misconduct was engaged in pursuant to official municipal policy. Because I cannot reasonably infer from Plaintiff's allegations that the City of New Haven is liable for the alleged misconduct, I conclude that she has not stated a plausible claim for relief.

## IV.  CONCLUSION

In sum, I conclude that I lack subject matter jurisdiction over Plaintiff's claims against the State Defendants and that Plaintiff has failed to state a plausible claim for relief against both the State and New Haven Defendants. Accordingly, I grant the Defendants' motions to dismiss.

Plaintiff's claims against the Waterbury Defendants fail for the same reason as her claims against the New Haven Defendants—the City of Waterbury Police Department is not a distinct lawful entity capable of being sued and none of Plaintiff's allegations implicate the City of Waterbury's municipal policies or customs. Though the Waterbury Defendants have not responded to Plaintiff's claims, "[t]he district court has the power to dismiss a complaint *sua sponte* for failure to state a claim." *Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980). Accordingly, I dismiss Plaintiff's claims against the Waterbury Defendants as well.

The "50 Unknown Officers" are the only Defendants remaining in this case. Though counsel has appeared on behalf of these officers, Plaintiff has not identified them by name, which is necessary for the case to proceed to judgment. I appoint counsel for the limited purposes of (1) identifying the police officers—through discovery or other means—who were personally involved in the events alleged in Plaintiff's complaint, and (2) drafting and filing an amended complaint that identifies these officers by name. Counsel should communicate with the plaintiff and need not identify each of the fifty of the unnamed officers in the current complaint and should instead name only those who satisfy § 1983's personal involvement requirement. *Gonzalez v. City of New York*, 377 F. Supp. 3d 273, 287 (S.D.N.Y. 2019) ("[A]n individual may be held liable under § 1983 only if that individual is personally involved in the alleged deprivation."). If counsel does not wish to continue representing the plaintiff after these tasks have been completed, counsel may file a statement indicating that he or she has completed these tasks and requesting to withdraw from the case, a request the Court will grant.

                                                            IT IS SO ORDERED.

                                                                   /s/
                                                       Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
        October 28, 2024